UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CAREY KING, JR., *et al* | CIVIL ACTION NO. 11-2237 |
| VERSUS | DISTRICT JUDGE DRELL |
| ARON JOHNSON, *et al* | MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the court is a Rule 12(b)(1) motion to dismiss filed by defendant, Aron Johnson, **Doc. #9**, referred to me by the district judge for report and recommendation. The motion seeks dismissal based on the federal Tax Injunction Act, 28 U.S.C. §1341.

**Background**

Plaintiffs, Mr. and Mrs. King, are owners of two parcels of land in Tullos, LaSalle Parish, Louisiana. In 2010 the properties were reassessed, resulting in increased property taxes on the parcels. Following Louisiana's administrative remedy scheme, plaintiffs appealed to the LaSalle Parish Police Jury which reduced the assessments. The assessor then appealed to the Louisiana Tax Commission which raised the assessments again. Plaintiffs then filed suit in state court to contest the assessments. That suit is still pending.

Plaintiffs thereafter filed this suit in federal court which is, in most respects, identical to the state court petition. However, in this suit plaintiffs allege civil rights claims and assert that their equal protection and due process rights have been violated. They also allege that the re-assessments were made as political retribution by the assessor.

Defendant, Johnson, has filed a motion to dismiss this suit on the grounds that it violates the Tax Injunction Act, 28 U.S.C. §1341. Plaintiffs counter that this suit is based on civil rights and is not an attempt to lower their tax bill.

### Rule 12(b)(1) dismissal

FRCP Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the court. Ramming v. U.S., 281 F.3d 161 (5th C. 2001). A claim is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. See Home Builders Assoc. Inc. v. Madison, 143 F.3d 1006 (5th C. 1998). Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. See Stockman v. Fed. Election Comm., 138 F.3d 144, 151 (5th C. 1998). A court may go outside the pleadings and consider additional facts and may resolve contested issues of fact in deciding a Rule 12(b)(1) motion to dismiss.

### Discussion

The federal "Tax Injunction Act prohibits the federal district court from exercising jurisdiction over a suit to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State.' 28 U.S.C. §1341." Clark v. Andrews Country Appraisal Dist., 76 Fed. Appx. 525 (5th C. 2003) (Clark I). "[B]asing a complaint upon alleged violation of civil rights . . . or the Federal Constitution will not avoid the prohibition contained in Section 1341 [the Tax Injunction Act]." Clark v. Andrews Country Appraisal District, 251 Fed. Appx. 267 (5th Cir. 2007) (Clark II).

In <u>ANR Pipeline Co. v. La. Tax Commission</u>, 646 F.3d 940 (5th Cir. 2011 ), the Fifth Circuit stated that:

> We are convinced that both longstanding judicial policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer must maintain a suit to challenge a state tax. The taxpayer may assert his federal rights in the state courts and secure review by the Supreme Court.

I find that, in this case, the Louisiana administrative procedures and state court review provide an adequate remedy to plaintiffs for their requested tax relief and for their federal civil rights. Indeed they have already completed the administrative process and are now proceeding in state court, having received some of the relief which they sought. Therefore, the Tax Injunction Act prohibits this court from affording relief at this time to plaintiffs.

Further, even if the Tax Injunction Act were not applicable, this court would abstain from hearing the matter both under Burford type abstention[1] and under Colorado River type abstention[2], for the state administrative review process is specifically designed to review this type of case and the case is already proceeding in state court and duplicative litigation should be avoided.

For the foregoing reasons,  IT IS RECOMMENDED, that defendant Johnson's Motion to Dismiss be GRANTED, and that plaintiffs' case be dismissed, without prejudice against all parties.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written

---

[1] <u>Burford v. Sun Oil Co.</u>, 63 S. Ct. 1098 (1943). See <u>New Orleans Public Service, Inc. v. Council</u>, 109 S. Ct. 2506 (1989).

[2] <u>Colorado River Water Cons. Distr. v. U. S.</u>, 96 S. Ct. 1236 (1976).

objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th   day of June  2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE